People v Alvarado (2025 NY Slip Op 05316)

People v Alvarado

2025 NY Slip Op 05316

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Ind No. 255/04|Appeal No. 4811|Case No. 2023-02650|

[*1]The People of the State of New York, Respondent,
v
Jose Alvarado, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.

Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on or about April 20, 2023, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in denying defendant's request for a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were outweighed by the egregiousness of the underling offenses and other serious aggravating factors, against two children for an extended period of time (see People v Day, 201 AD3d 602 [1st Dept 2022], lv denied 38 NY3d 910 [2022]; People v Rodriguez, 146 AD3d 452, 453 [1st Dept 2017], lv denied 29 NY3d 908 [2017]). Specifically, defendant's abuse of his own daughter continued for years, and included numerous rapes, oral sexual conduct, and more than a dozen acts of anal sexual conduct (see People v Leiva, 215 AD3d 476 [1st Dept 2023], lv denied 40 NY3d 904 [2023]).
We reject defendant's contention that intrafamilial offenders warrant downward departures because they are less likely to reoffend (see People v Santiago, 236 AD3d 575, 576 [1st Dept 2025]). Furthermore, defendant failed to show that his age "demonstrates a reduced individual danger to public safety" (People v Lendeborg, 215 AD3d 433, 434 [1st Dept 2023], lv denied 40 NY3d 902 [2023]). We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025